**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-7806

JOHNATHAN E. SMITH, a/k/a John
Smith,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-93-63-BO, CA-97-321-5-BO)

Submitted: February 26, 1999

Decided: April 22, 1999

Before WILKINS and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Davis, III, Lumberton, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Robert E. Skiver, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnathan E. Smith appeals from the district court's partial denial of his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion and his newly imposed sentence pursuant to the district court's vacatur of his 18 U.S.C.A. § 924(c)(1) (West 1994 & Supp. 1998) conviction under Bailey v. United States, 516 U.S. 137 (1995). We deny a certificate of appealability and dismiss as to the district court's denial of his § 2255 motion, and affirm his sentence.

Prior to Smith's resentencing hearing, the Probation Officer, rather than preparing an amended presentence report, sent a memorandum to the district court judge reiterating Smith's prior offense and criminal history calculations, and adding a two-level enhancement for possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1 (1997). Smith contends that because he was not provided with a copy of this report thirty-five days prior to his resentencing hearing the district court violated Fed. R. Crim. P. 32 and that he is therefore entitled to a new sentencing hearing.

Our review reveals that Smith can point to no prejudice resulting from this alleged technical violation. The only change reflected in the Probation Officer's memorandum was the addition of a two-point enhancement under USSG § 2D1.1 for possession of a firearm following the vacatur of his § 924(c) count. Smith does not allege that he was surprised by this addition, and although the lack of an amended presentence report precluded his ability to file prior written objections, the district court heard argument from both Smith and the Government regarding the propriety of the § 2D1.1 enhancement. Accordingly, we find that even assuming error, Smith suffered no prejudice warranting a resentencing hearing.

Smith's remaining claims involve multiple allegations of ineffective assistance of counsel. To succeed on a claim of ineffective assis-

2

tance of counsel, a defendant must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. In evaluating counsel's performance, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Further, courts must not engage in hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. See id. at 690.

To satisfy the second prong of Strickland, a defendant must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. However, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). Instead, a court can only grant relief under the second prong of Strickland if the "result of the proceeding was fundamentally unfair or unreliable." Id. at 369.

Our review of the record discloses that Smith has not demonstrated the prejudice required to prevail on his claims. Accordingly, we conclude that the district court properly disposed of these claims without the use of an evidentiary hearing.

We therefore affirm Smith's sentence, and deny a certificate of appealability and dismiss his appeal from the district court's denial of his remaining § 2255 claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART